1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAGOBERTO LOPEZ FLOREZ,                    No.  1:23-cv-00307-HBK (HC)

12              Petitioner,                     ORDER GRANTING RESPONDENT'S
                                                MOTION TO DISMISS[1]
13         v.
                                                (Doc. No. 8)
14
     WARDEN, FCI MENDOTA,
15
                Respondent.
16

17         Petitioner Dagoberto Lopez Florez ("Petitioner"), a former federal inmate, is proceeding

18   pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2241, filed while he was

19   incarcerated at Federal Correctional Institution ("FCI") Mendota, located in Fresno County,

20   California, which is within the venue and jurisdiction of this Court.  (Doc. No. 1, "Petition").  The

21   Petition challenges the execution of Petitioner's sentence.  (*Id*. at 6).  Specifically, the Petition

22   raises one claim: the Bureau of Prisons ("BOP") unlawfully excluded Petitioner from applying

23   earned time credits (FTCs) due to his immigration detainer, which contravenes the First Step Act.

24   (*Id*. at 6); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion

25   of evidence-based recidivism reduction programming productive activities shall be applied

26   toward time in prerelease custody or supervised release).  Petitioner requests the Court to issue an

27

28   ---
     [1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §
     636(c)(1).  (Doc. No. 10).

                                                1

1    injunction compelling the BOP to calculate and apply his earned time credits.  (Doc. No. 1 at 7).

2    In response, Respondent filed a Motion to Dismiss with Appendix on June 15, 2023.

3    (Doc. No. 8, 8-1).  Respondent argues the Court lacks jurisdiction to consider the Petition because

4    Petitioner's release from custody moots the Petition; and in the alternative, dismissal is

5    mandatory because Petitioner did not exhaust his administrative remedies.  (Doc. No. 8 at 2-4).

6    Petitioner did not file a response to the motion, nor request an extension of time to respond, and

7    the time for doing so has expired.  (*See* Doc. No. 6 at ¶ 4, advising Petitioner that he has twenty-

8    one (21) days to file a response if Respondent files a motion to dismiss).  For the reasons set forth

9    more fully herein, the Court grants Respondent's Motion to Dismiss.

10                                            **I.  BACKGROUND**

11        **A.  Procedural History**

12    In 2011, Petitioner pled guilty in the Middle District of Florida for conspiracy to possess

13    with intent to distribute five kilograms or more of a mixture or substance containing a detectable

14    amount of cocaine while on board a vessel subject to U.S. jurisdiction in violation of 46 U.S.C.

15    §§§ 70503(a)(1), 70506(a), 70506(b) and 21 U.S.C. § 960(b)(1)(B)(ii); and he was sentenced to

16    serve an term of 168 months of federal incarceration.  *See United States v. Florez et al.*, 8:11-cr-

17    00363-SDM-CPT-1, Crim. Doc. Nos. 100, 128 (M.D. FL.).[2]  At the time Petitioner commenced

18    this action, he was incarcerated in FCI Mendota.  Petitioner was released from BOP custody on

19    June 2, 2023. At the time Respondent filed the Motion to Dismiss, Petitioner was being held at

20    Winn Correctional Center awaiting deportation.  (Doc. No. 8 at 2).

21        **B.  The First Step Act**

22    The First Step Act ("FSA"), enacted December 21, 2018, provided for considerable

23    changes to the federal criminal code, including several prison and sentencing reforms.  First Step

24    Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  One such reform under the First Time

25    Act entailed the implementation of Federal Time Credits ("FTCs").  18 U.S.C. § 3632(d)(4)(A).

26    Essentially, an inmate "who successfully completed evidence-based recidivism reduction

27

28    [2] The undersigned cites to the record in Petitioner's underlying MDFL criminal cases as "Crim. Doc. No. _."

1   programming or productive activities" "shall earn 10 days of time credits for every 30 days of

2   successful participation." *Id*.  These FTCs earned by eligible inmates are "applied toward time in

3   prerelease custody or supervised release." *Id.*

4          Additionally, the FSA authorized the BOP to use a risk and needs assessment system,

5   "PATTERN," and designate a prisoner with a minimum, low, medium, or high-risk score. *United*

6   *States v. DeCaro,* No. 2022 WL 4395905, at *1 n.1 (E.D. Mo. Aug. 23, 2022).  Inmates who

7   receive a minimum or low-risk score over two consecutive assessments earn an additional five

8   days of time credits for every 30 days of successful participation in evidence-based recidivism

9   reduction programming (EBRR programming) or productive activities (PAs).  18 U.S.C. §

10  3632(d)(4)(A)(ii); *Orihuela v. Engleman*, 2022 WL 18106676, at *1 (C.D. Ca. Nov. 3, 2022) ("A

11  prisoner's PATTERN score may affect the rate at which he earns FTC for his participation in

12  EBRRs and Pas.").

13         Inmates may begin earning FTCs once their term begins, but an inmate cannot earn FTCs

14  for programming or activities in which he or she participated in prior to the enactment of the FSA

15  on December 21, 2018.  28 C.F.R. § 523.42.  An inmate can earn retroactive application of FTCs

16  for EBRR programming or PAs in which he or she participated in from December 21, 2018, to

17  January 13, 2022.  *Id*.

18                        **II.  APPLICABLE LAW AND ANALYSIS**

19         Under Rule 4, if a petition is not dismissed at screening, the judge "must order the

20  respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases

21  4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the

22  respondent to make a motion to dismiss based upon information furnished by respondent."  A

23  motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to

24  dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d

25  418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it

26  "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d

27  687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

28         ////

1          **A.  Mootness**

2          Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to

3   adjudication of "live" cases and controversies.  *See Hollingsworth v. Perry*, 570 U.S. 693, 705

4   (2013) ("Article III demands that an actual controversy persist throughout all stages of

5   litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v.*

6   *Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that

7   "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is

8   filed,") (internal quotation marks omitted).  Federal courts consider various doctrines, including

9   "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy"

10  requirement.  *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961).  To maintain a claim, a litigant

11  must continue to have a personal stake in all stages of the judicial proceeding.  *Abdala v. INS*, 488

12  F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).  A case must be dismissed if it

13  becomes moot at any stage.  *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982).

14  Absent collateral consequences, a "habeas petition does not continue to present a live controversy

15  once the petitioner is released from custody."  *Abdala*, 488 F.3d at 1064; *see also Kelley v.*

16  *Brewer*, 2023 WL 2992823, at *3 (E.D. Cal. Apr. 18, 2023) ("there is nothing capable of being

17  redressed by a favorable judicial decision because the BOP has already calculated his FSA credits

18  and released [the petitioner].  In other words, petitioner's case is moot absent demonstrable

19  collateral consequences arising from BOP's calculation of his FSA credits."); *Fower v. Birkholz*,

20  2023 WL 3828775, at *1 (C.D. Cal. May 4, 2023) ("Petition is moot because Petitioner obtained

21  the relief he sought in the Petition – release from BOP custody after the application of his FSA

22  credits.").

23          Here, Petitioner no longer is in BOP custody.  Thus, the operative Petition is moot.

24  Because the Petition is moot, the Court lacks jurisdiction to consider any claims raised in the

25  Petition.

26          Accordingly, it is **ORDERED**:

27          1.   Respondent's Motion to Dismiss (Doc. No. 8) is GRANTED.

28          2.   The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as moot.

1        3.   The Clerk of Court is directed to terminate any pending motions and close this case.

2

3    Dated:      October 24, 2023

4                                                          HELENA M. BARCH-KUCHTA
                                                           UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28